UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **24-CR-20186-BLOOM(s)**

UNITED STATES OF AMERICA

vs.

STEFAN ANDRES CORREA,

        **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America, STEFAN ANDRES CORREA ("Defendant"), and the Defendant's counsel agree that, had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt, and that such facts are sufficient to establish the Defendant's guilt as to the offenses charged in the Superseding Indictment:

1. On April 18, 2024, the Defendant, a U.S. citizen, was scheduled as a passenger on Avianca flight number AV5, departing from Miami, Florida, to Bogota, Colombia. On this date, the Defendant arrived at Miami International Airport, checked into his flight, went through security and proceeded to his gate of departure. Once at the gate, the Defendant then attempted to board his flight.

2. Law enforcement encountered the Defendant on the jet bridge and conducted an outbound border search. At the time of the search, the Defendant had approximately nine (9) cellphones (collectively the "Cellphones") on his person and/or contained within his carry-on backpack. Law enforcement conducted a border search of each of the Cellphones.

3. In total, the searches of the devices revealed that several of the Cellphones had over approximately one hundred (100) videos (collectively the "Videos") featuring the Defendant

having vaginal sex with over approximately fifty (50) different minor girls aged between 9-17 years old. These Videos included the following videos:

    a.    A video depicting the Defendant having vaginal sex with MINOR VICTIM 1, a 10-year-old girl, that was created on December 1, 2023;

    b.    [ Redacted ]

    c.

4. The Defendant created the Videos by placing some of the Cellphones in a video recording setting and then placing the Cellphones around the room where the sex acts with the minors took place. The Videos were created in Colombia.

5. The Defendant knowingly possessed the Videos found on the Cellphones. The Videos did in fact depict minors engaged in sexually explicit conduct and the Defendant knew at least one performer featured in these Videos was a minor. The Defendant also knew that the Videos showed the minors engaged in a sexually explicit conduct and that the production of these Videos involved using minors engaged sexually explicit conduct.

6. A search of one of the Cellphones also revealed a text message exchange between the Defendant and another person, who was located in Colombia and who was assisting the Defendant in finding minor children for commercial sex (the "Trafficker"). This chat begins on or about April 16, 2024, and continued through and including April 18, 2024. In the chat, the Defendant asked the Trafficker about the ages of the minor girls that the Trafficker had available for commercial sex. The Trafficker told the Defendant that the minor girls she had available for commercial sex were between 11-12 years old.

7. The Defendant inquired about two of the minor girls that the Trafficker had available for commercial sex and attempted to arrange and negotiate commercial sex dates with the minor girls. The Defendant also told the Trafficker that he would pay the Trafficker $300,000

Colombian pesos (the equivalent of approximately $75.00 U.S. dollars), and would also pay each of the minor girls the same amount and would give them an iPhone.

8. The Trafficker asked the Defendant if he could send her a payment through NEQUI (a financial money transfer platform used in Colombia) and the Defendant then transferred the Trafficker money using the NEQUI platform.

9. The Defendant waived *Miranda* and gave a statement to law enforcement. When asked about the reason for his trip, the Defendant stated that he was traveling down to Colombia to have sex with a minor girl.

10. A cellphone and the internet are facilities of interstate commerce. The Defendant transported the Videos on the Cellphones from Colombia to the United States.

These are not the only facts known to the United States in this matter, nor are they all the facts the United States would have presented had this case gone to trial.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 3/10/25   By: _____
LAUREN A. ASTIGARRAGA
ASSISTANT UNITED STATES ATTORNEY

Date: 3/26/2025   By: _____
ALBERT QUIRANTES
ATTORNEY FOR DEFENDANT

Date: 2/26/2025   By: _____
STEFAN ANDRES CORREA
DEFENDANT

3